## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW NEAL, | : | |
| Plaintiff | : | No. 3:15-CV-2021 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| CAROLYN W. COLVIN, Acting | : | (Magistrate Judge Schwab) |
| Commissioner of Social Security, | : | |
| Defendant | : | |

## **MEMORANDUM**

## **Background**

On October 16, 2015, Plaintiff, Andrew Neal, filed this instant appeal[1]

under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of the

Social Security Administration ("SSA") denying his applications for disability

insurance benefits ("DIB") and supplemental security income ("SSI")[2] under

Titles II and XVI of the Social Security Act,42 U.S.C. § 1461 et seq. and 42

U.S.C. § 1381 et seq., respectively. (Doc. 1). On December 22, 2015, Defendant

filed an Answer and Transcript. (Docs. 8 and 9). On February 3, 2016, Plaintiff

filed a brief in support. (Doc. 11). On April 6, 2016, Defendant filed a brief in

---

[1]Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

[2]Supplemental security income is a needs-based program, and eligibility is not limited based on an applicant's date last insured.

opposition.  (Doc. 15).  On April 14, 2016, Plaintiff filed a reply brief.  (Doc. 16).

A Report and Recommendation ("R&R") was issued by United States Magistrate

Judge Susan E. Schwab on March 3, 2017, recommending that the appeal be

granted, the decision of the Commissioner be vacated, the matter be remanded to

the Commissioner for a new administrative hearing, and that Clerk of Court close

the matter.  (Doc. 17).  Objections were due by March 17, 2017, but were not filed

by either party.[3]  Having reviewed the reasoning of the Magistrate Judge for clear

error in the absence of objections, and having found none, the R&R will be

adopted, the appeal will be granted, the decision of the Commissioner will be

vacated, the matter will be remanded to the Commissioner for a new

administrative hearing, and the Clerk of Court will be directed to close this matter.

## Standard of Review

     When neither party objects to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report,

under de novo or any other standard.  Thomas v. Arn, 474 U.S. 140, 152 (1985);

28 U.S.C. § 636(b)(1)(C).  Nevertheless, the Third Circuit Court of Appeals has

held that it is better practice to afford some level of review to dispositive legal

---

[3]On March 6, 2017, Defendant filed a letter waiving the right to file
objections to the R&R.  (Doc. 18).

issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice").  In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

## Discussion

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence does not support the administrative law judge's ("ALJ") decision that Plaintiff was not disabled.   The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which is herein adopted.  (Doc. 17, pp. 8-13).  The Magistrate Judge also thoroughly reviews the medical records and the ALJ's decision, also herein adopted.  (Id. at pp. 2-8, 13-15).  Magistrate Judge Schwab then addresses Plaintiff's assertion that the ALJ erred at Step Two of the Sequential Evaluation Process in failing to even mention Plaintiff's alleged impairment of osteoarthritis/ degenerative changes in his knees.  (Id. at pp. 17).

3

Ultimately, Magistrate Judge Schwab determines that the ALJ erred in failing to discuss the alleged impairment of osteoarthritis/ degenerative changes in Plaintiff's knees at Step Two because the ALJ did not carry out the duty to "consider all of a claimant's medically determinable impairments that he or she is aware of, including those that are not severe, when a clamaint's RFC is assessed. 20 C.F.R. §§ 404.1545, 416.945." (Doc. 17, p. 17). Magistrate Judge Schwab elaborated, stating the following:

> In this case, the ALJ was aware that Mr. Neal alleged impairment due to osteoarthritis of both knees. *Admin. Tr. 29*. As noted by the ALJ during the administrative hearing, Mr. Neal was diagnosed with degenerative joint disease or osteoarthritis.  As noted by Mr. Neal's counsel during the proceedings, medical records from Dr. Haverstick reflect that bilateral knee x-rays were ordered, *Admin. Tr. 564*, and that the x-rays showed osteoarthritis, *Admin. Tr. 488, 569, 573*.  Dr. Sachs's opinion similarly reflects that Mr. Neal's diagnosis of osteoarthritis was confirmed by x-rays. *Admin. Tr. 436.*  Mr. Neal reported that he had x-rays of his knees at Pinnacle Health in Middletown. *Admin. Tr. 40-41*. Although there are multiple references in the record that bilateral knee x-rays showed osteoarthritis, the radiology report was not included in the record.
>
> Although the hearing transcript reflects that the ALJ may have been hesitant to find this impairment medically determinable without the radiology report, the ALJ made no such finding in her decision. Although the Commissioner attempts to excuse this failure by offering her own rationale, it is the responsibility of the ALJ to explain the basis for her decision, *Burnett,* 220 F.3d at 121-22, and any analysis later provided by the Commissioner cannot cure that which is absent. *See e.g., Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *Campbell*

4

> *v. Colvin*, 2014 WL 257356 at *9 (M.D.Pa. Jan. 23, 2014).
>
> We agree with Mr. Neal that there is a reasonable possibility
> that his osteoarthritis of the knees might be found medically
> determinable on remand, and if that is the case it may alter the
> ALJ's already restrictive RFC assessment.  As such, because
> the ALJ did not address Mr. Neal's alleged impairment of
> bilateral knee osteoarthritis, we are compelled to find that the
> ALJ's decision is not supported by substantial evidence.
> Remand is warranted for further evaluation of whether Mr.
> Neal's bilateral knee osteoarthritis is a medically determinable
> impairment. Because we have found a clear basis for remand,
> we need not address Mr. Neal's remaining arguments.

(Doc. 17, pp. 18-19) (footnotes omitted).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Schwab's R&R will be adopted.  As such, Plaintiff's appeal will be granted, the decision of the Commissioner will be vacated, the matter will be remanded to the Commissioner for a new administrative hearing, and the Clerk of Court will be directed to close this matter.

A separate Order will be issued.

**Date:** March 21, 2017

/s/ **William J. Nealon**
**United States District Judge**

5